### William J. Kelly, Defendant in Error, v. Mary M. Good, Plaintiff in Error.

### Gen. No. 20,539.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John Courtney, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment here. Opinion filed November 1, 1915.

### Statement of the Case.

Action by William J. Kelly, plaintiff, against Mary M. Good, defendant, to recover rent. A trial before the court resulted in a judgment for $104, the sustaining of the right of the plaintiff to levy the distress warrant, the taxing of costs at $6 for appraiser's fees and $42 for custodian fees, and ordering special execution against the property distrained as well as a general execution. To reverse the judgment, defendant prosecutes this writ of error.

Plaintiff, claiming that defendant owed him for rent $114, issued his distress warrant, and, while it does

not appear to have been executed, certain personal property of defendant was distrained and two custodians placed in charge of it. Defendant in her affidavit of merits asserted as a defense to $85 of her landlord's claim that she gave her note for $85 in settlement of that amount of rent, and that the only rent due and unpaid at the time of levying the distress warrant was $20.

Defendant testified that she settled with one J. A. Lucas, the agent of defendant, for the rent due to February 1, 1914, by giving to him her note for $85. The giving of this note was admitted, but through Lucas, his agent, plaintiff denied that it was given in payment of rent, and asserted that he destroyed the note and did not therefore have it in his possession. On the question of the giving of the note in payment of the rent, the trial judge seemed to be in doubt and expressed a wish to have plaintiff present in court for interrogation as to whether it was received in payment or as collateral. Thereupon Lucas stated: "I cannot bring in the landlord, for the reason that the landlord is absent from the city; Kelly is a traveling salesman and he is in Texas." When the plaintiff was produced in court he testified that at the former hearing he was at home and that Lucas told him to stay at the premises rented to defendant and not to allow any one to enter them, and that "when Mrs. Good returned to the premises I did not allow her to enter."

LEON A. BEREZNIAK, for plaintiff in error; CAVENDER, KAISER & WERMUTH, of counsel.

BOLTON & MORIARTY, for defendant in error; MAURICE J. MORIARTY, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

American Heating & Plumbing Corp. v. Salomon & Co., 195 Ill. App. 297.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 325*—*when evidence insufficient to support claim for rent.* Evidence examined and *held* to show that tenant was entitled to credit on amount claimed to be due for rent.

2. WITNESSES, § 257*—*when conduct tends to discredit testimony.* A false statement made to the trial court by a witness, knowingly and intentionally, tends to discredit his uncorroborated testimony as to other matters.